```
JOHN M. McCOY III, Cal. Bar No. 166244
Regional Trial Counsel
Email: mccoyj@sec.gov
KAREN MATTESON, Cal. Bar No. 102103
Email: mattesonk@sec.gov
LORRAINE B. ECHAVARRIA, Cal. Bar No. 191860
E-mail: echavarrial@sec.gov
KAROL POLLOCK, Cal. Bar No. 77009
Email: pollockk@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Acting Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908
```

FILED
2008 MAY 19 PM 2:21

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA



| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GORDON C. BIGLER,<br><br>Defendant. | Case No. 08 CV 0888 H POR<br><br>COMPLAINT |

Plaintiff Securities and Exchange Commission ("Commission") alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Sections 21(d)(1), 21(e), 21A(a)(1), and 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1), 78u(e), 78u-1(a)(1), & 78aa. Defendant has, directly or indirectly, made use of the means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange in connection with the transactions, acts, practices, and courses of business alleged in this Complaint.

2. Venue is proper in this district pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, because certain of the acts, practices, and courses of business constituting violations of the federal securities laws occurred within this district, and defendant resides within this district.

## SUMMARY

3. This matter involves unlawful insider trading in the securities of Provide Commerce, Inc. ("Provide") by defendant Gordon C. Bigler ("Bigler"), who at the time was Provide's director of corporate finance and investor relations. Bigler purchased shares of Provide stock on November 15, 2005, immediately after he learned material, nonpublic information concerning a proposed acquisition of Provide by Liberty Media Corporation ("Liberty"). After the intended acquisition was publicly announced by Provide on December 5, 2005, Bigler sold all of the Provide shares he had purchased on November 15, realizing a profit of $41,622.78.

4. By engaging in the conduct described in this Complaint, Bigler violated the antifraud provisions of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. The Commission seeks a judgment permanently enjoining Bigler against future violations of these provisions, ordering disgorgement of ill-gotten gains and prejudgment interest thereon, and imposing a civil penalty.

## THE DEFENDANT

5. Gordon C. Bigler is a resident of San Diego, California. From September 2005 through March 2006, Bigler was employed by Provide as its director of corporate finance and investor relations.

## RELATED ENTITIES

6. Provide, a Delaware corporation headquartered in San Diego, California, is an e-commerce company that sells fresh flowers and fruit. Until its acquisition by Liberty on February 10, 2006, Provide's securities traded on the Nasdaq National Market under the symbol "PRVD."

7.  Liberty is a Delaware corporation headquartered in Englewood, Colorado. Liberty, through its subsidiaries, is in the media, communications, and entertainment businesses. Liberty's common stock is registered with the Commission and is traded on the NASDAQ Global Select Market under the symbol "LCAPA."

## THE DEFENDANT'S FRAUDULENT CONDUCT

8.  Bigler joined Provide on September 23, 2005 as director of corporate finance and investor relations.

9.  During the week of October 3, 2005, a Liberty senior vice president contacted Provide's chief executive officer regarding Liberty's interest in acquiring Provide.

10. On or prior to the morning of November 15, 2005, Provide's chief financial officer notified Bigler of material, nonpublic information concerning the pending merger between Liberty and Provide. Subsequently, Provide's chief financial officer sent Bigler an email on November 15, 2005 at 11:11 a.m. containing additional material, nonpublic information, including an attachment setting forth Provide's five year financial forecast and Liberty's proposed acquisition price of $33 per Provide share for the pending merger.

11. On November 15, 2005, shortly after this email was sent to Bigler, Bigler purchased 4,500 shares of Provide stock at a price of $24.28 per share, for a total purchase price of $109,325.45.

12. On December 5, 2005, Provide and Liberty announced their pending merger. Provide's stock price rose from a closing price of $30.23 on the last trading day before the merger announcement to a closing price of $33.76 per share on the day of the merger announcement. The trading volume rose from an average of 174,096 shares traded per day to 1,993,631 shares traded on the day of the merger announcement, a 1,045% increase from the average daily trading volume.

13. On December 5, 2005, Bigler sold all 4,500 of his Provide shares for

3

$33.56 per share, thus obtaining a total sales price of $150,948.23. Bigler realized a profit of $41,622.78 from this sale.

14. During the relevant period, Bigler was a corporate insider of Provide. Bigler made his trades in Provide stock on the basis of material, non-public information in breach of his duty of trust and confidence to Provide and its shareholders.

15. Bigler acted with scienter. Bigler knew, or was reckless in not knowing, that the information he learned in the November 15, 2005 email about Liberty's proposed acquisition of Provide and the price Liberty proposed to pay for Provide shares was material, non-public information. Bigler knew he owed a duty of trust and confidence to Provide and its shareholders. Despite this knowledge, Bigler purchased 4,500 shares of Provide stock on November 15, 2005 on the basis of this material, non-public information.

### CLAIM FOR RELIEF
### FRAUD IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder

16. The Commission realleges and incorporates by reference paragraphs 1 through 15 above.

17. Defendant Bigler, by engaging in the conduct described above, directly or indirectly, in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, with scienter:

    a. employed devices, schemes, or artifices to defraud;

    b. made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      c.    engaged in acts, practices or courses of business which operated or would operate as a fraud or deceit upon other persons.

18. By engaging in the conduct described above, defendant Bigler violated, and unless restrained and enjoined will continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court:

### I.

Issue a final judgment, in a form consistent with Fed. R. Civ. P. 65(d), permanently enjoining defendant Bigler and his agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the final judgment by personal service or otherwise, and each of them, from violating Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

### II.

Order defendant Bigler to disgorge all ill-gotten gains from his illegal conduct, together with prejudgment interest thereon.

### III.

Order defendant Bigler to pay a civil penalty under Section 21A(a) of the Exchange Act, 15 U.S.C. § 78u-1(a).

### IV.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

\*

\*

### V.

Grant such other and further relief as this Court may determine to be just and necessary.

DATED: May 19, 2008

*Karol Pollock*
Karol Pollock
Attorney for Plaintiff
Securities and Exchange Commission

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
SECURITIES AND EXCHANGE COMMISSION

**DEFENDANTS**
GORDON C. BIGLER

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Karol Pollock, Esq., Securities and Exchange Commission, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, CA 90036

Attorneys (If Known)  '08 CV 0888 H POR
Edward Gelfand, Gartenberg Gelfand Wasson & Selden, LLP, 11755 Wilshire Blvd., Suite 1230, Los Angeles, CA 90025

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5 thereunder.
Brief description of cause:
The Complaint alleges violations of the federal securities laws.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  05/19/2008
SIGNATURE OF ATTORNEY OF RECORD  Karol Pollock  /s/ Karol Pollock

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____